FRANK MERLINA *vs.* SEBASTIAN CALABRO *d.b.a.* BUSTER'S MOTOR SALES.

MAY 2, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This action of assumpsit was tried in the superior court to a jury and resulted in a verdict for the plaintiff in the sum of $562.65. The case is here on the defendant's exception to the denial of his motion for a new trial.

The case arose out of the sale of a used automobile at a public auction in Concord, Massachusetts, frequented largely, if not exclusively, by dealers who bought and sold used cars. The parties here are such dealers and each was familiar with the way sales were consummated in that market. Figuratively speaking, *caveat emptor* was written all over the place and none knew it better than these dealers. On May 25, 1953 plaintiff put a used Buick convertible on the auction block for sale "with a drive." That term admittedly is used to inform prospective purchasers that a successful bidder would have the right to drive the car before being bound by his bid. Apparently the dealers recognized the fact that one who was a seller one minute might be a buyer the next and so it seems to have been their custom to give the buyer one last chance to withdraw before parting with his money and accepting the car.

In this instance defendant bid $560 and the car was sold to him. Without exercising his right to drive it at that

time, he gave plaintiff a check for the price and received a bill of sale of the car. Sometime later, on the same day, after he had driven it he complained that it would not "hold the road." For that reason he brought it back to the auction lot and demanded the return of his check.

The plaintiff refused to accept the car or to return the check. He claimed that there was only a slight play in the steering wheel which could be corrected for about $3 and that in any event the car belonged to defendant who had neglected to exercise his right to drive it in time to withdraw his bid and rescind the sale. The defendant disagreed with this interpretation of the condition of the sale and left the car on the auction lot. Later he instructed his bank to stop payment on the check. The plaintiff put the check through to protest and paid a fee of $2.65 therefor, and thereafter brought the instant action.

Only the defendant and plaintiff's general sales manager, who negotiated the sale, testified in the superior court. There was a direct conflict in their testimony as to when the right to drive had to be exercised to entitle defendant to withdraw his bid and rescind the sale. The plaintiff's sales manager testified that it had to be exercised before payment of the price and passing of title, although he admitted that some dealers did not insist on such custom. He further testified that in acting for his employer he did not operate that way. The defendant testified that the condition of the buyer's right to drive the car before being bound by his bid attached to the payment of the price as well as to the bid, and that a purchaser could rescind the sale after he had made payment if he exercised such right to drive within a reasonable time.

The trial justice charged the jury that evidence raised a question of the credibility of the parties and did not involve any special issue of law. He pointed out: "They both testified as to the customs of sale of cars at auctions; auctions which are conducted solely for the benefit of the dealers themselves. I doubt very much if private individ-

uals ever go there. They may but it is the custom set up amongst dealers where they buy and sell their cars between themselves and they have certain vernacular which they use there and you heard the testimony on that. You heard the story from one side and from the other and you heard the question in this particular case as to whether or not one could buy with a drive and pay before or pay after the drive. That question was raised. So that the issue is clearly one of credibility here and nothing much else is involved, so far as the law is concerned." No exception was taken to the charge.

Apparently the jury did not believe defendant and returned a verdict for plaintiff. The defendant moved for a new trial on the grounds that the verdict was against the law and the evidence and the weight thereof. In denying such motion the trial justice stated that in his opinion the verdict did substantial justice and therefore he should not set it aside. The defendant, in support of his exception to such denial, contends that the trial justice erred and cites section 48 of the uniform sales act, which he claims is in force in Massachusetts and also in this state, to show that the verdict was against the law that governs acceptance by the buyer.

In the circumstances here it is unnecessary to consider that provision of the sales act. In the absence of an exception, defendant is bound by the law as given to the jury by the trial justice. Since he did not ask for any special instructions based on the provisions of the sales act he cannot derive any benefit from such provisions now. The only question here is whether, on the evidence, the trial justice was clearly wrong in approving the verdict. From our perusal of the transcript we are in agreement with him that the only question for the jury to decide was one of the credibility of the parties. After considering the evidence we cannot say that he was clearly wrong in deciding that the jury was warranted in believing the plaintiff and that their verdict did substantial justice between the parties.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Ralph P. Semonoff,* for plaintiff.

*Jacob J. Alprin, Guido R. Salvadore,* for defendant.